**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 11, 2007**

**TENTH CIRCUIT**

ORLANDO CORTEZ CLARK,

    Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; DR. NWEKE,
C.C.C.F. Medical; DR.
FALLHOUSE, C.C.C.F. Medical;
DR. JOSEPH WERNER, A.V.C.F.
Medical; CINDRA MARTINEZ,
MRT II, A.V.C.F. Medical;
ANTHONY DECESARO, CDOC
GRIEVANCE OFFICER; DR.
RAYMOND L. LILLY; and DR.
KENNETH D. DANYLCHUCK;

    Defendants-Appellees.

No. 05-1121

(D. Colorado)

(D.C. No. 04-Z-2414)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY**, and **EBEL**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R.APP. P. 34(F) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Orlando Cortez Clark, a Colorado state prisoner appearing pro se, filed this 42 U.S.C. § 1983 action against the Colorado Department of Corrections and various employees. He alleged that the defendant officials were deliberately indifferent to his medical needs. The district court dismissed his complaint on the grounds that Mr. Clark had not exhausted one of his claims. In a prior order and judgment, this court affirmed that decision. See Clark v. Colo. Dep't of Corr. 151 Fed. Appx. 630 (10th Cir. 2005) ("Clark I").

Mr. Clark filed a petition for a writ of certiorari in the United States Supreme Court. The Court granted Mr. Clark's petition, vacated our order and judgment, and remanded the case for further consideration. See Clark v. Colo. Dep't of Corr., 127 S. Ct. 1352 (2007) ("Clark II").

On March 30, 2007, this court entered an order (a) recalling the October 25, 2005 mandate that we issued to the United States District Court for the District of Colorado and (b) vacating our prior order and judgment. Subsequently, Mr. Clark filed a motion seeking reimbursement from the defendants-appellees for his costs on appeal, specifically the filing fees.

For the reasons set forth below, we now: (a) vacate the district court's February 2005 Order and Judgment of Dismissal; (b) remand the case to the district court for further proceedings in light of Jones v. Bock, 127 S. Ct. 910 (2007), Aquilar-Avellaveda v. Terrell, 478 F.3d 1223 (10th Cir. 2007), and

Roberts v. Barreras, __ F.3d __, No. 05-2373, 2007 WL 1113956 (10th Cir. Apr. 16, 2007); and (c) deny Mr. Clark's motion for costs, without prejudice to his seeking reimbursement for costs taxable in the district court.

## I. BACKGROUND

Mr. Clark, proceeding pro se, filed this 42 U.S.C. § 1983 action in 2004, naming as defendants the Colorado Department of Corrections and various employees. He alleged that the defendant officials were deliberately indifferent to his medical needs because (1) he was denied effective medication for severe back and leg pain for an extended period of time, and his necessary back surgery was improperly delayed; and (2) after his eventual surgery, he did not receive in a timely manner prescribed pain medication, orthopedic shoes, certain hose for his legs, a leg brace, or a medical pillow.

The district court dismissed Mr. Clark's claims without prejudice because he failed to exhaust administrative remedies as to his first claim. In a prior order and judgment, we affirmed the district court's decision. See Clark I, 151 Fed. Appx. 630. We reasoned that "the [Prison Litigation Reform Act] contains a total exhaustion requirement, and . . . the presence of unexhausted claims in [a prisoner]'s complaint require[s][a] district court to dismiss his action in its entirety without prejudice." Id. at 632 (quoting Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004)).

-3-

In its order granting Mr. Clark's petition for a writ of certiorari, the Supreme Court instructed this court to reconsider his claims in light Jones v. Bock, 127 S. Ct. 910 (2007). Clark II, 127 S. Ct. 1352.

## II. DISCUSSION

### 1. Reconsideration of Mr. Clark's claims

In Jones, the Supreme Court held that prisoners need not specially plead that they have exhausted administrative remedies. See id. at 921. Instead, under the Prison Litigation Reform Act, the failure to exhaust administrative remedies is an affirmative defense. Id.

The Court also disagreed with the "total exhaustion" requirement that we established in Ross. Instead, the Supreme Court held "if a complaint contains both good and bad claims, . . . court[s] proceed[ ] with the good and leave[ ] the bad." Jones, 127 S. Ct. at 924. See Freeman v. Watkins, 479 F.3d 1257, 1259 (10th Cir. 2007) (observing that the Supreme Court's decision in Jones "effectively overruled" our decision in Ross ).

Although Jones did not specifically address the issue of the burden of proving exhaustion, we have subsequently held that, as an affirmative defense, exhaustion must be raised and proven by the defendants. Roberts, __ F.3d __ at *4.

However, we have also held that, if it is clear from on the face of a prisoner's complaint that he has not exhausted his administrative remedies, then the district court may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from the prisoner. Aquilar-Avellaveda, 478 F.3d at 1226. Importantly, "[a] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the [exhaustion] issue." Id. (internal quotation marks omitted). Moreover, "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." Id. at 1225.

We therefore conclude that this case should be remanded to the district court for further proceedings in light of Jones, Roberts, and Aquilar-Avellaveda.

### 2. Mr. Clark's motion for costs

Mr. Clark has filed a motion seeking reimbursement from Appellees of his costs on appeal, specifically the filing fees. Costs are taxed against an appellee "if a judgment is reversed." FED. R. APP. P. 39(a)(3). In this instance, however, we have not reversed the judgment of the district court. Instead, we have vacated our judgment and remanded to the district court for consideration of precedent that did not exist at the time the district court entered its judgment.

When a judgment is vacated, "costs are taxed only as the court orders." Id. 39(a)(4). As a general matter, the only recoverable costs are those incurred in copying documents that this court requires parties to file. See id. 39(c); 10TH CIR. R. 39.1. Mr. Clark has not provided an itemized and verified bill of costs demonstrating that he incurred any such costs. FED. R. APP. P. 39(d)(1). More importantly, however, even if he had incurred such costs, the circumstances under which we vacated our judgment are not such that an award of costs to Mr. Clark would be warranted.

To the extent that Mr. Clark seeks reimbursement for costs taxable in the district court, such as filing fees, see id. 39(e), the motion is denied without prejudice to refiling in the district court. To the extent that Mr. Clark seeks reimbursement for costs taxable in this court, the motion is denied.

### III. CONCLUSION

Accordingly, we VACATE the district court's dismissal of Mr. Clark's complaint and remand the case for further consideration in accordance with Jones, Roberts, and Aquilar-Avellaveda. We DENY Mr. Clark's motion for costs, without prejudice to his seeking costs taxable in the district court.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

-6-