**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE MEDINA ESCOBAR,

Plaintiff - Appellant,

v.

L. REID; K. COOPER; E. CELLA; T.
HAUCKS; E. PERRY; D.
GALLAGHER; SGT. BINDER; C/O
VALDEZ; J. BROWN; J. SIMS; E.
DICLUSION; E. MORA; A. LUNA;
R. WENCL; J. WERMERS; R.
OLIVETT; C/O JACKSON; L.
MONTOYA; LT. PAULINO; JOHN
DOW, Lt.; C/O SANTOS; C/O
RAYMOND; D. SMITH, Sgt.; C/O
WILLIAMS; C/O BALL,

Defendants - Appellees.

No. 06-1451

D. Colo.

(D.C. No. 06-CV-1222-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Jose Medina Escobar, a *pro se* Colorado state prisoner, brought a 42 U.S.C. § 1983 complaint against several prison guards and officials asserting several violations of his constitutional rights.[1]  The district court dismissed Escobar's claims for failure to demonstrate exhaustion of administrative remedies.  We reverse.

## Background

In June 2006, Escobar filed a complaint against eighteen prison guards at the Cañon City State Penitentiary in Colorado alleging he was repeatedly subjected to excessive force, denied meals, showers, sleep and adequate medical treatment, subjected to prison guards spitting in his food, sexually assaulted and denied due process in connection with a disciplinary conviction, all in retaliation for grievances and prior lawsuits he filed.  Escobar claims these incidents violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to substantive and procedural due process.  On July 11, 2006, Escobar filed a Supplemental Complaint and an Addition to Plaintiff's Supplemental Complaint, adding seven more defendants based on two incidents after he filed the initial complaint.

---

[1]  Because Escobar is proceeding *pro se*, we review his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On his prisoner complaint form, Escobar checked the box indicating he did not exhaust his available administrative remedies. In explanation, Escobar attached a motion from a lawsuit he filed in 2003 in which he asked the district court to allow him to exhaust his administrative remedies. Escobar also alleged he was restricted to filing one grievance per month under Colorado Department of Corrections Administrative Regulation 850-4 and had his legal documents destroyed during repeated cell shake-downs by the defendants.

On August 3, 2006, Magistrate Judge Boland filed an Order to Show Cause raising the issue of exhaustion of administrative remedies under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Based on *Steele v. Fed. Bureau of Prisons*, Magistrate Boland imposed upon Escobar the burden of pleading exhaustion by requiring him to "'either attach copies of administrative proceedings or describe their disposition with specificity.'" (R. Vol. 1, Doc. 12 at 3, quoting *Steele*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).) He advised Escobar that § 1997e(a) imposes a total exhaustion requirement on prisoners and if he has not exhausted administrative remedies on all of his claims, the entire complaint must be dismissed. (R. Vol. 1, Doc. 12 at 4, citing *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).)

Escobar replied to the show cause order by stating: "At no time has the Plaintiff been able to show-produce to the court any grievances alleging excessive force and/or the intentional infliction of harm, injury, pain and suffering by Defendants, nor can he produce a Step III grievance pertaining to any form of severe harassment." (R. Vol. 1, Doc. 15 at 2.) He explained that when he attempts to file grievances based on excessive force, they are denied and a reference is made to an April 17, 2003 letter from Warden Reid which states: "Records indicate that you have filed multiple (approximately 30) grievances since September 24, 2002. Twenty-six of these grievances were filed on staff misconduct. There is no proof or evidence of these incidents." (R. Vol. 1, Doc. 15 at 7.) The letter proceeded to warn Escobar if he continued to file frivolous grievances, without proof or evidence, he would be limited to one grievance per month in accordance with Colorado Department of Corrections Administrative Regulation 850-4. A July 3, 2003, follow-up letter from Warden Reid was included with Escobar's response which shows the Warden restricted him to filing one grievance per month for six months based on Escobar's continued filing of frivolous grievances. The letter indicated Escobar could request reinstatement of an unrestricted ability to grieve on December 30, 2003. (*Id.*) Escobar claims to have made this request several times since then, but his ability to grieve without restriction has not been restored.

Escobar's response also contained allegations of threats and physical abuse

by prison officials in reaction to his filing grievances, in addition to the confiscation and destruction of his materials during cell shake-downs. It identified Escobar's attempts to contact multiple persons outside of the prison system requesting that he be allowed to exhaust administrative remedies based on excessive force. Finally, it stated he believes he made sufficient good faith efforts to fulfill his obligation to exhaust all administrative remedies and "any further persistence to exhaust is unreasonable and creates a serious dangerous risk of further irreparable injury to [himself]." (R. Vol. 1, Doc. 15 at 4.)

The district court reviewed Escobar's reply and found the five grievances submitted with his complaint did not demonstrate exhaustion because they did not address all of Escobar's claims and they failed to show he completed the Colorado Department of Corrections three-step grievance procedure. The court also concluded two Step I grievance forms submitted by Escobar in his reply were insufficient because they did not relate to any of the issues raised in Escobar's complaint or demonstrate completion of the three-step grievance procedure. Finally, the court addressed Escobar's restriction on filing one grievance per month. It found Escobar failed to allege which specific claims or issues he was unable to raise because of the restriction on filing grievances or when he attempted to raise those issues. The court noted that none of the six grievances Escobar produced, which were filed after the restriction in 2003, were denied due to the restriction. Therefore, the court determined Escobar was not denied access

to the Department of Corrections' grievance procedure and he failed to satisfy his burden to allege with specificity how he has exhausted administrative remedies for all of the claims and issues raised in his complaint.[2]

**Discussion**

At the time of its decision, the district court properly relied on *Steele* and *Ross* to dismiss Escobar's complaint for failure to plead and demonstrate exhaustion of administrative remedies. However, the Supreme Court has recently rejected these cases by holding that failure to exhaust is an affirmative defense relieving prisoners from pleading and demonstrating exhaustion and eliminating the total exhaustion rule. *Jones v. Bock*, --U.S.--, 127 S. Ct. 910, 921, 924-26 (2007); *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (recognizing *Jones* overruled *Steele* and *Ross*). However, if a complaint makes it clear through the prisoner's affirmative statements he has not exhausted his administrative remedies, the district court may raise the exhaustion question *sua sponte* provided it seeks additional information from the prisoner. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Courts "also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Id.* "[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his

---

[2] We note the district court did not dismiss Escobar's complaint based on the now-defunct total exhaustion rule, but rather dismissed it because none of Escobar's claims had been exhausted.

-6-

administrative remedies and that he is without a valid excuse." *Id.* "'District courts taking this approach must exercise caution. To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate.'" *Id.* at 1225-26 (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 n.3 (4th Cir. 2005)).

The face of Escobar's complaint stated he had not exhausted his available administrative remedies and provided reasons why. Magistrate Boland raised the issue of exhaustion *sua sponte* and gave Escobar the opportunity to address it. The district court responded to Escobar's claim he was prevented from exhausting his administrative remedies because he is limited to one grievance per month. It did not, however, address whether Escobar's remaining allegations of retaliation and destruction of papers prevented him from exhausting administrative remedies. In light of *Aquilar-Avellaveda v. Terrell*, we conclude it is unclear from the record whether the defects in exhaustion were produced from the action or inaction of prison officials.[3]

The judgment of the district court dismissing Escobar's complaint without prejudice is reversed and remanded for further proceedings consistent with this

---

[3] In his opening brief, Escobar cited to *Hemphill v. New York*, 380 F.3d 680 (2nd Cir. 2004), in support of his claim that he attempted to use an alternative approach to filing grievances rather than complying with administrative procedural requirements. We issue no opinion on the applicability or persuasiveness of *Hemphill* at this time.

order and judgment. We deny all pending motions filed by Escobar.[4]

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge

---

[4] On November 30, 2006, Escobar filed a motion entitled: "Appellant request that court review and consider this letter herein." On January 16, 2007, Escobar filed a document entitled: "Supplemental information regarding: habit-routine practice of retaliatory harassment-badgering of plaintiff-appellant by the defendants-appellees and co-defendants." On February 16, 2007, Escobar filed a motion for leave to submit a supplemental complaint against additional defendants. On March 6, 2007, Escobar filed a "plea for mercy from the court to stop the punishment, the intentional infliction of pain." On March 27, 2007, Escobar filed an emergency petition for writ of mandamus asking the court to compel prison medical staff to stop contaminating his medication. On May 16, 2007, Escobar filed a "Motion for Temporary Restraining Order and/or Preliminary Injunction." On May 30, 2007, Escobar submitted "these last pieces of evidence." On May 31, 2007, Escobar filed a "Motion to Introduce this Supplemental Complaint" with supporting affidavit and included two letters two letters he sent to the Colorado Attorney General's office. In many instances these motions and documents contain new allegations and complaints against new defendants. Since they are not appropriately addressed for the first time in this appellate forum, we deny all of them. *See Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1232-33 (10th Cir. 1997) (discussing why an appellate court seldom considers an issue not presented to the district court).

In addition to above described motions, Escobar requested an appointment of counsel in the conclusion of his opening brief. To the extent Escobar is seeking appointment of counsel in this Court, the issue is moot. Appointment of counsel was denied in the district court and Escobar has not appealed from the denial. That issue is not before us.