**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

      Plaintiff – Appellant,

v.

MARTY SIRMON, Warden; JUSTIN
JONES, Director of DOC; STEVE
MOLES; CHESTER MASON; BATTLE,
Sgt.; DAVIS, Sgt.; BESSY GREENWAY;
BOBBY BOONE; SCOTT CROW;
DEBBIE MORTON,

      Defendants – Appellees.

No. 09-7043
(E.D. Okla.)
(D. Ct. No. 6:07-CV-00124-RAW-SPS)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel concludes that oral

argument would not materially assist the determination of this appeal. *See* Fed. R. App.

P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral

argument.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

Milton Veran Williams, an Oklahoma state prisoner appearing pro se,[1] appeals from the dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983. The district court dismissed for failure to exhaust administrative remedies. We affirm.

## I.     BACKGROUND

On April 27, 2007, Williams filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Marty Sirmons, the Warden of the Oklahoma Department of Corrections (ODOC), and Justin Jones, the Director of the ODOC. He filed an amended complaint on November 12, 2007, adding ten additional employees of the ODOC as defendants in their official and/or individual capacities.[2] The district court granted Williams' motion to proceed *in forma pauperis* (*ifp*).

Williams alleged the Defendants violated his constitutional rights by subjecting him to "racial discrimination, deliberate indifference treatment and cruel and unusual punishment." (R. Vol. I at 101.) He asserted three counts: (1) Defendants pursued frivolous misconduct violations against him in reprisal for his exercise of the ODOC grievance procedures; (2) Defendants conspired to have bodily injury inflicted upon him in retaliation for his exercise of the ODOC grievance procedures; and (3) Defendants denied him adequate and prompt medical treatment and falsified his medical records to

---

[1] We liberally construe Williams' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The additional defendants are: Steve Moles, Chester Mason, Sergeant Battle, Sergeant Davis, Bessy Greenway, Bobby Boone, Scott Crow, Debbie Morton, Marty Rucker and Marion Bess. The court dismissed Rucker and Bess due to Williams' failure to serve them.

conceal injuries he sustained. Williams said he sought administrative relief but the ODOC employees "refuse[d] to adhere to [ODOC regulations] in order to impede administrative exhaustion." (*Id.* at 111.)

The Defendants filed a motion to stay the proceedings and requested an order requiring a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).[3] The magistrate judge stayed the proceedings and ordered a *Martinez* report.

Defendants submitted a lengthy *Martinez* report detailing the facts and circumstances surrounding Williams' allegations. They also filed a motion to dismiss or, in the alternative, a motion for summary judgment arguing the court lacked jurisdiction because Williams failed to exhaust his administrative remedies.[4] They also argued: (1) to the extent Williams was challenging the loss of his earned credits, such a challenge may only be brought in a habeas proceedings; (2) they were entitled to Eleventh Amendment immunity and qualified immunity; (3) Williams did not allege most of the Defendants were personally involved in any of the alleged constitutional violations; and (4) Williams' allegations are conclusory and fail to state a claim upon which relief may be granted.

---

[3] In *Martinez*, this Court expressly approved the practice of a federal district court ordering prison officials to undertake an investigation of the incident that formed the subject matter of the plaintiff's complaint in order to provide the court with additional information to aid in processing the complaint. 570 F.3d at 319.

[4] The motion was submitted on behalf of Defendants Jones, Sirmons, Moles, Mason, Battle, Davis, Boone, Crow and Morton. Defendant Greenway subsequently filed a motion to dismiss and/or motion for summary judgment making the same arguments as the other Defendants.

With his response to the Defendants' motion to dismiss, Williams submitted a sworn affidavit stating, *inter alia*, he "ma[de] numerous futile attempts to exhaust the adequate state remedies available to [him], but was impeded by Defendants." (R. Vol. I at 604.) He also claimed he filed a grievance pertaining to his transfer to a maximum security facility but ODOC officials did not respond to his grievance so he "went directly to [ODOC Deputy Director of Security and Investigation,] Scot[t] Crow." (*Id.*)

The district court granted the Defendants' motion and dismissed the action in its entirety stating "[t]here is no evidence that plaintiff has exhausted any of the claims presented [in] this lawsuit."[5] (*Id.* at 892.) The court did not consider the Defendants' alternative grounds for dismissal, but did note "[t]o the extent the defendants are sued in their official capacities . . . plaintiff's claims are barred by the Eleventh Amendment." (*Id.* at 887 n.1.) The court also noted "plaintiff's claims regarding the disciplinary proceedings should have been filed as a habeas corpus action . . . ." (*Id.* at 890.)

Williams filed a timely notice of appeal and a motion to proceed *in forma pauperis* (*ifp*) on appeal. The district court did not respond to that request in a timely fashion; thus, we deem the request denied. Williams filed a renewed motion to proceed *ifp* with this Court. On August 6, 2009, the Clerk of this Court issued an Order assessing costs and fees and directing Williams to make partial payments.

## II.     DISCUSSION

The Prison Litigation Reform Act (PLRA) requires exhaustion of all "available"

---

[5] The court noted in deciding a motion to dismiss on nonexhaustion, it could consider the administrative materials submitted by the parties.

4

remedies. *See* 42 U.S.C. § 1997e(a). Oklahoma likewise requires exhaustion. *See* Okla. Stat. tit. 57, § 564 ("An inmate in the custody of the Department of Corrections shall completely exhaust all available administrative remedies on all potential claims against . . . the Department of Corrections . . . or an employee of the state . . . prior to initiating an action in district court."); Okla. Stat. tit. 57, § 566(A)(1) ("Any action by an inmate initiated against any person . . . [or] the Department of Corrections . . . may be: [ ] Dismissed with or without prejudice, by the court on its own motion or on a motion of the defendant, if all administrative and statutory remedies available to the inmate have not been exhausted in a timely manner[.]"). Williams claims he exhausted all available administrative remedies. We review the district court's dismissal of Williams' complaint de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

In *Hemphill v. New York*, the Second Circuit adopted "a three-part inquiry . . . in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a)." 380 F.3d 680, 686 (2d Cir. 2004). The first step is to "ask whether administrative remedies were in fact available to the prisoner." *Id.* (quotations omitted). The next step is to "inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Finally:

If the court finds that administrative remedies were available to the

5

plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Id.* (quotations omitted). Williams contends we should apply this three-part inquiry.

We have not adopted this approach, *see Escobar v. Reid*, 240 Fed. Appx. 782, 785 n.3 (10th Cir. 2007) (unpublished), and we do not expressly adopt it here.[6] We note, however that administrative remedies were available to Williams. To be "available" under the PLRA, a remedy must afford "the possibility of some relief for the action complained of." *Booth v. Churner*, 532 U.S. 731, 738 (2001). The ODOC has adopted policies and procedures which, if Williams utilized, would have afforded the possibility of some relief. *See* Department Offender Disciplinary Procedure, OP-060125, § V, *available at* http://www.doc.state.ok.us/offtech/op060125.pdf (last visited Oct. 13, 2009); Offender Grievance Process, OP-090124, *available at* http://www.doc.state.ok.us/offtech/op090124.pdf (last visited Oct. 13, 2009).

Williams claims the Defendants forfeited the defense of non-exhaustion by inhibiting him from exhausting his administrative remedies. We have, in an unpublished case, afforded a prisoner relief where the district court did not consider whether the defendants' actions may have inhibited his exhaustion of administrative remedies. *See Escobar*, 240 Fed. Appx. at 784. *Escobar* is neither binding precedent nor apposite.

Escobar filed suit against multiple prison officials alleging they mistreated him "in

___

[6] Unpublished decisions are not binding precedent. 10th Cir. R. 32.1(A). We mention *Escobar* as we would any other non-precedential authority.

6

retaliation for grievances and prior lawsuits he filed." *Id*. at 783. On his complaint, he "checked the box indicating he did not exhaust his available administrative remedies." *Id.* "In explanation, Escobar attached a motion from a lawsuit he filed in 2003 in which he asked the district court to allow him to exhaust his administrative remedies. Escobar also alleged he was restricted to filing one grievance per month . . . and had his legal documents destroyed during repeated cell shake-downs by the defendants." *Id.* The magistrate judge ordered Escobar to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. In response, Escobar "explained that when he attempts to file grievances based on excessive force, they are denied" and attached a letter from the Warden restricting Escobar "to filing one grievance per month for six months based on Escobar's continued filing of frivolous grievances." *Id.* Escobar claimed to have requested removal of the restriction after the six-month period, but to no avail. "Escobar's response [to the order to show cause] also contained allegations of threats and physical abuse by prison officials in reaction to his filing grievances, in addition to the confiscation and destruction of his materials during cell shake-downs." *Id.* at 784. The district court "determined Escobar was not denied access to the [prison's] grievance procedure and he failed to satisfy his burden to allege with specificity how he has exhausted administrative remedies for all of the claims and issues raised in his complaint." *Id.* We reversed the dismissal of Escobar's complaint and remanded for consideration of "whether Escobar's . . . allegations of retaliation and destruction of papers prevented him from exhausting administrative remedies." *Id.* at 785. We noted "[c]ourts . . . 'are obligated to ensure that any defects in exhaustion were

7

not procured from the action or inaction of prison officials.'" *Id.* at 784 (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

In his reply brief, Williams argues prison officials threatened him with physical abuse which prevented him from exhausting his administrative remedies. He never raised this argument in the district court; nor did he ever claim the Defendants prevented him from filing grievances, either by refusing to accept his grievances or destroying his papers. In his complaint, Williams alleged he had sought administrative relief but the ODOC employees "refuse[d] to adhere to [ODOC regulations] in order to impede administrative exhaustion." (R. Vol. I at 111.) In response to the Defendants' motion to dismiss/motion for summary judgment, Williams submitted a sworn affidavit in which he alleged he "ma[de] numerous futile attempts to exhaust the adequate state remedies available to me, but was impeded by Defendants." (*Id.* at 604.) He also claimed he filed a grievance pertaining to his transfer to a maximum security facility but ODOC officials did not respond to his grievance so he "went directly to [ODOC Deputy Director of Security and Investigation,] Scot[t] Crow." (*Id.*) These allegations are of an entirely different nature than those in *Escobar* and, even viewed in the light most favorable to Williams, do not suggest his failure to exhaust was procured from the action or inaction of the Defendants.

Moreover, Williams' complaint is subject to the requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

8

*Iqbal*, 129 S. Ct. at 1949 (quoting *Bell*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even charitably read, Williams' complaint fails to meet this standard. In addition, he fails to "plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," which is a requirement under *Iqbal*. *See id.* at 1948.

We **AFFIRM** the decision of the district court. We **DENY** Williams' motion to proceed *ifp* and order him to immediately remit the unpaid balance of the filing fee.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge