**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSE ELI AQUILAR-
AVELLAVEDA,

       Plaintiff-Appellant,

v.

DUKE TERRELL, Warden, USP-
Leavenworth,

       Defendant-Appellee.

No. 06-3334

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 06-CV-3201)

---

Jose Eli Aquilar-Avellaveda, appearing pro se.

---

Before **HARTZ, EBEL,** and **TYMKOVICH**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Jose Eli Aquilar-Avellaveda,[1] a federal prisoner proceeding *pro se* on a Bivens complaint,[2] seeks discovery, injunctive relief, and damages related to allegations that federal prison staff violated his civil rights under the First, Fifth and Eighth Amendments to the Constitution. He claims that the warden, Duke Terrell, and other prison officials intercepted and destroyed legal materials he needed to prepare for his direct appeal, and alleges that they continue to segregate him without cause and impose lighting conditions that disrupt his sleep. The district court dismissed Mr. Aquilar-Avellaveda's complaint for failure to exhaust administrative remedies, but in light of a recent ruling from the United States Supreme Court, we vacate and remand for further consideration.

Mr. Aquilar-Avellaveda filed a complaint in the United States District Court for the District of Kansas on July 18, 2006, alleging that prison officials violated his civil rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1350.[3] The court

---

[1] As the district court noted, appellant's name has been referred to as "Aguilar-Avellaneda" in other records. In this appeal, the appellant uses "Aquilar-Avellaveda," which was the name employed by the district court.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Mr. Aquilar-Avellaveda's complaint sought relief under 42 U.S.C. § 1983; the Alien Tort Claims Act, 28 U.S.C. § 1350; and a range of federal rules permitting a court to compel production of documents, depositions and subpoenas. The district court construed the complaint as a Bivens action.

[3] The district court granted Aquilar-Avellaveda's motion to proceed on appeal in forma pauperis under 28 U.S.C. § 1915. We remind Mr. Aquilar-Avellaveda that he must continue making payments on his appellate filing fee until the entire balance is paid.

noted that under federal law, Mr. Aquilar-Avellaveda must exhaust his administrative remedies before bringing his action.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  The district court relied on our precedent in Steele v. Federal Bureau of Prisons holding that a prisoner, to avoid dismissal of his complaint under the Prison Litigation Reform Act (PLRA), must plead exhaustion with specificity.  355 F.3d 1204, 1210 (10th Cir. 2003).

Because Mr. Aquilar-Avellaveda had not included in his pleadings any information suggesting that he had pursued administrative remedies, the court ordered that Mr. Aquilar-Avellaveda be granted twenty days to supplement the record.  Mr. Aquilar-Avellaveda timely responded with some information documenting his attempts at complying with the Bureau of Prison's administrative remedy program, and also alleged that prison officials prevented him from completing the administrative process.[4]  The district court found the documentation insufficient.  Specifically, the court observed that some notices were not dated, and found that Mr. Aquilar-Avellaveda had not demonstrated that he had sought further administrative review of the warden's alleged failure to

---

[4] The Bureau of Prisons was not served with the complaint at issue and did not enter an appearance in this matter.  Moreover, the district court did not order the Bureau to enter an appearance.

respond to the prisoner's grievance. The court dismissed the complaint without prejudice, concluding that Mr. Aquilar-Avellaveda failed to comply with the PLRA's exhaustion requirement at 42 U.S.C. § 1997e(a).

In Steele, we adopted the view that Section 1997e(a) required a prisoner to plead and demonstrate that he had exhausted his administrative remedies prior to bringing his complaint about prison conditions in court. 355 F.3d at 1210. We stated that a prisoner must either "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Id. (quotation, citations and alteration omitted). The district court properly relied on this holding in reviewing Mr. Aquilar-Avellaveda's complaint and requesting additional information about whether he had exhausted his administrative remedies.

However, the United States Supreme Court has recently rejected that rule, holding that failure to exhaust is only an affirmative defense rather than a pleading requirement. Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Accordingly, our pleading requirement from Steele is no longer good law. Because Mr. Aquilar-Avellaveda's complaint was silent as to whether he had exhausted his administrative remedies – which is acceptable under

Jones – the district court erred in requesting Mr. Aquilar-Avellaveda to supplement the record on that issue.

If the complaint had made it clear through Mr. Aquilar-Avellaveda's affirmative statements that he had not exhausted his administrative remedies, the district court could have raised the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and sought additional information from Mr. Aquilar-Avellaveda. Jones suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies. Jones, 127 S. Ct. at 921. However, courts also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials. See, e.g., Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (stating that although 42 U.S.C. § 1997e requires inmates to exhaust "available" administrative remedies, the "failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"). The facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process or whether he was thwarted in his attempts to do so.

We believe that only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative

remedies and that he is without a valid excuse. When a district court is given the opportunity to address the exhaustion question due to affirmative but not conclusive statements in the prisoner's complaint, we follow the Fourth Circuit in holding that "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 682 (4th Cir. 2005). "District courts taking this approach must exercise caution. To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." Id. at 683 n.5.

We **REVERSE** and **VACATE** the district court's order and judgment dismissing Mr. Aquilar-Avellaveda's complaint, and **REMAND** to the district court for further consideration in accordance with Jones v. Bock and this opinion.