**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRY BLEVINS,

        Plaintiff-Appellant,

v.

LARRY REID, Warden, CSP; JOHN
DOE #1 TOM M., Chairperson Ad Seg
Hearing; JUDY LINDSEY, Initiating
Employee; CATHY SLACK,
Administrative Head/Director,

        Defendants-Appellees.

No. 06-1476
(D.C. No. 06-CV-969-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

In this *pro se* state prisoner civil rights appeal, Plaintiff attacks his twice

having been classified and placed in administrative segregation, the forfeiture of

his property, and various conditions of his confinement. Relying on *Steele v.*

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.
    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

*Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), the district court dismissed Plaintiff's second amended complaint for failure to establish exhaustion of administrative remedies.

In *Aquilar-Avellaveda v. Terrell*, --- F.3d ----, 2007 WL 646150 (10th Cir. Mar. 5, 2007), we recognized that the Supreme Court's recent decision in *Jones v. Bock*, --- U.S. ----, 127 S. Ct. 910, 921 (2007) abrogated *Steele* by determining that failure to exhaust is an affirmative defense and that prisoners are not required to specially plead or prove exhaustion in a complaint.[1]

In light of *Jones v. Bock*, the case is **REMANDED** for reconsideration consistent with that decision. *See Aquilar-Avellaveda*, 2007 WL 646150, at *3. We **GRANT** Plaintiff's renewed motion for leave to proceed without prepayment of the appellate filing fee, and remind Petitioner of his obligation to continue making partial payments until the entire fee has been paid in accordance with the Clerk's Office assessment of partial payments.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] We note that Plaintiff's original and amended complaints allege that he has exhausted administrative remedies on all his claims because the Colorado Department of Corrections failed to answer his grievance petition with the 45-day time frame allotted by § 850-4 of the Colorado Department of Correction Administrative Regulations.