**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEMAINE MONTEIL CANNON,

      Plaintiff - Appellant,

v.

CHESTER MASON, Correctional
Health Services Administrator;
DOCTOR STEWART, D.O.;
DOCTOR MILLER, Eye Physician,

      Defendants - Appellees.

No. 08-7005
(D.C. No. 07-CV-00127-FHS-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

---

    Plaintiff-Appellant Jemaine Monteil Cannon, a prisoner appearing pro se,

appeals the district court's dismissal of his 42 U.S.C. § 1983 civil-rights claim for

failure to exhaust his administrative remedies as required by 42 U.S.C.

§ 1997e(a), and its implicit denial of his applications for injunctive relief. Mr.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Cannon's complaint and request for injunctive relief pertain to his medical treatment as an inmate at the Oklahoma State Penitentiary. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Under 42 U.S.C. § 1997e(a), a prisoner who brings an action pertaining to prison conditions must exhaust all administrative remedies available to him prior to filing the action. The Oklahoma Department of Corrections ("ODOC") has a grievance procedure in place for all claims not involving misconducts requiring prisoners to properly and timely file for each claim: (1) a request to staff; (2) a grievance to the facility head; and (3) an appeal of the facility head's response to the administrative-review authority. R. Doc. 31 at 2. Only after a final ruling by the administrative-review authority or chief medical officer have all administrative remedies for a claim been exhausted. Id. The grievance logs for the relevant time period and sworn affidavits from ODOC employees indicate that Mr. Cannon did not file any grievance. R. Doc. 31, 32 Ex. 2, 3, 9. As Mr. Cannon does not contest these facts, his complaint was properly dismissed unless an exception to exhaustion applies. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

On appeal, Mr. Cannon essentially argues that the district court erred in (1) denying his motion for injunctive relief, and (2) dismissing his claim because of

the inadequacy or unavailability of administrative remedies. We have reviewed his claims and conclude that the district court did not err. A grievance procedure was available, Mr. Cannon did not avail himself of it, and the fault does not lie with the Defendants. See Booth v. Churner, 532 U.S. 731, 741 (2001); Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007).

AFFIRMED.

Entered for the Court,

Paul J. Kelly, Jr.
Circuit Judge