**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7358**

DWAYNE DION BACON,

              Plaintiff - Appellant,

        v.

KATHLEEN GREENE,

              Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge.  (8:06-cv-00261-AW)

Submitted:  February 25, 2009        Decided:  March 24, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dwayne Dion Bacon, Appellant Pro Se.   Stephanie Judith Lane-
Weber, Assistant Attorney General, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Dion Bacon, a Maryland prisoner, alleged in his 42 U.S.C. § 1983 (2000) complaint that correctional officers at the Eastern Correctional Institution failed to intervene during an assault and that Kathleen Greene, the warden, ignored his request for the names of officers on duty during the incident. Greene moved for summary judgment, asserting Bacon failed to exhaust administrative remedies. The district court agreed and granted summary judgment to Greene. On appeal, Bacon concedes that he did not file a request for administrative remedies, but he argues, as he did in the district court, that he was unable to pursue these remedies because Greene did not provide him with the names of correctional officers on duty during the incident.

We review a district court's grant of summary judgment de novo, "viewing the facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust available administrative remedies

2

prior to filing a § 1983 action. 42 U.S.C.A. § 1997e(a) (West 2003); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (discussing "availability" of remedies). "[T]he PLRA's exhaustion requirement is mandatory," Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Porter v. Nussle, 534 U.S. 516, 532 (2002).

We have recognized, however, that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Thus, "when prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (stating administrative remedy rendered unavailable when prison officials prevent prisoner from using it). Accordingly, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison

3

officials." <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d 1223, 1225 (10th Cir. 2007).

Viewing the facts in the light most favorable to Bacon, we conclude there is a genuine issue as to the availability of administrative remedies. Bacon has asserted throughout the proceedings that Greene ignored his requests for disclosure of information regarding the officers on duty at the time of the assault. He further asserted that this lack of information rendered him incapable of filing a request for administrative remedy that would comply with institution procedure. Accordingly, we vacate the judgment of the district court and remand for further proceedings. In doing so, we do not hold that administrative remedies have been properly exhausted, but only that there is a genuine issue as to whether officials withheld information that made an administrative filing futile or impossible.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4