**UNITED STATES COURT OF APPEALS**

**December 22, 2010**

**TENTH CIRCUIT**

MATTHEW PAUL MARKOVICH,

      Plaintiff–Appellant,

v.

CORRECT CARE SOLUTIONS;
TONYA TAYLOR, Mental Health
Counselor, Larned Correctional Mental
Health Facility,

      Defendants–Appellees.

No. 10-3193
(D.C. No. 5:10-CV-03097-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Matthew Paul Markovich, a state prisoner proceeding pro se, appeals the dismissal

of his 42 U.S.C. § 1983 action. Because Markovich did not properly exhaust his

administrative remedies, we affirm.

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

# I

In April 2010, Markovich filed a pro se complaint claiming that he was being provided inadequate and inappropriate mental health care. Markovich further alleged that he filed an "emergency grievance" through the prison administrative grievance system. The district court noted that it appeared from the face of the complaint that Markovich had not properly exhausted administrative remedies and therefore entered an order to show cause requiring Markovich to demonstrate exhaustion. In response, Markovich submitted his emergency grievance paperwork, which showed that the prison had concluded his grievance was not an emergency, and had directed Markovich to file a grievance through the normal procedure. The district court dismissed the complaint without prejudice for failure to properly exhaust. It also granted Markovich's motion to proceed without prepayment of fees, but ordered partial assessments to be deducted from his inmate account. Following the dismissal, Markovich filed a motion for reconsideration and a motion to withdraw his complaint, which were denied. Markovich timely appealed.

# II

On appeal, Markovich argues that the district court's dismissal for failure to exhaust administrative procedures was improper. Markovich accurately notes that exhaustion is an affirmative defense rather than a pleading requirement. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, our post-Jones precedent makes clear that the

district court may raise the issue sua sponte pursuant to 28 U.S.C. §§ 1915 and 1915A if affirmative allegations contained in a complaint suggest that the complaint is subject to dismissal for failure to exhaust. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). We have cautioned, however, that "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue" unless the complaint conclusively shows a failure to exhaust. Id. (quotation omitted).

The district court permissibly raised the exhaustion issue sua sponte based on the affirmative allegations contained in Markovich's complaint suggesting he had not properly exhausted. It also allowed Markovich an opportunity to address the issue, as required by our precedent. See id. On the merits, the district court correctly concluded that Markovich did not exhaust. Although he filed an emergency grievance, prison officials concluded his grievance did not qualify as an emergency and directed him to file through the ordinary grievance process. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). We have previously rejected a prisoner's attempt to bypass a prison's grievance system by improperly filing an emergency grievance. See Brewer v. Mullin, 130 F. App'x 264, 265-66 (10th Cir. 2005) (unpublished) ("[Plaintiff] may believe that prison officials erred in deciding his issues were not emergencies, but that does not mean that he can simply ignore their determination and opt out of the grievance procedure.").

Markovich further argues that the district court should not have assessed partial

-3-

filing fee payments from his prisoner account.  He contends that money placed in his

prisoner account by his mother was not intended to be used for filing fees, and that he

needs the money to purchase hygiene items.  But 28 U.S.C. § 1915(b)(1) requires district

courts to assess partial payments, and we have interpreted the word "income" in

§ 1915(b)(2) as referring to "all deposits to the prisoner's inmate account, whether the

deposit be earned income, a gift, or otherwise."  Cosby v. Meadors, 351 F.3d 1324, 1326

(10th Cir. 2004).  The district court's assessment was compelled by statute.  Markovich

contends this statutory scheme violates the Equal Protection Clause of the U.S.

Constitution by treating prisoners differently than the non-incarcerated.  But this court

has rejected such challenges.  See Shabazz v. Parsons, 127 F.3d 1246, 1248-49 (10th Cir.

1997).[1]

Finally, Markovich complains that the district court disparaged a potential state

court malpractice suit in its order denying reconsideration.  However, the order simply

noted that it was not necessary for Markovich to withdraw his federal complaint in order

to proceed with the state court action.  We discern no error in the court's comment.

**III**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.  We

---

[1] Markovich also claims he was protected from the assessment by an automatic bankruptcy stay.  To the extent Markovich believes the district court violated a stay, that matter should have been addressed to the bankruptcy court.  Cf. Std. Indus. v. Aquila Inc. (In re C.W. Mining Co.), ___ F.3d ___, 2010 U.S. App. LEXIS 23180, at *11-14 (10th Cir. Nov. 8, 2010).

**GRANT** Markovich's motion to proceed in forma pauperis, but remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full, <u>see</u> 28 U.S.C. § 1915(b)(1).  All other pending motions are **DENIED**.


        Entered for the Court


        Carlos F. Lucero
        Circuit Judge