**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-6484

ROBERT ALEX ZANDER,

Plaintiff – Appellant,

v.

HARLEY LAPPIN; KIM WHITE; GERALDO MALDONADO, JR.; RONALD W.
RIKER; TRACY W. JOHNS; JOSEPH P. YOUNG; KENNETH MOTTERN,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge. (5:08-ct-03117-FL)

Submitted: January 28, 2011       Decided:  March 10, 2011

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert Alex Zander, Appellant Pro Se.  Rudolf A. Renfer, Jr.,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Alex Zander appeals the district court's order dismissing without prejudice his civil action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to exhaust administrative remedies. Zander argues on appeal, as he did below, that the actions of prison officials rendered those remedies "unavailable" to him.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, "when prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

In this case, the district court did not address Zander's allegations that prison officials hindered his ability to exhaust his administrative remedies. We therefore vacate the district court's order granting summary judgment to Defendants and remand for a determination of whether the grievance

procedure was "available" to Zander within the meaning of 42 U.S.C. § 1997e(a) (2006) so that he could administratively exhaust his claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED