**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6394**

———————

DERRICK TOOMER,

Plaintiff - Appellant,

v.

BCDC; WARDEN OLIVER; WENDELL FRANCE, Commissioner; M.
FERNANDEZ, Security Chief; OFFICER WILLIS; BOLA AYENI,
Correctional Officer II; OLIVER, Warden,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:12-cv-00083-DKC)

———————

Submitted: July 18, 2013            Decided: August 6, 2013

———————

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Derrick Toomer, Appellant Pro Se. Douglas F. Gansler, Attorney
General, Beverly F. Hughes, Assistant Attorney General,
Pikesville, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Toomer appeals the district court's order granting Defendants' motions for summary judgment and dismissing his 42 U.S.C. § 1983 (2006) action for failure to exhaust administrative remedies. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a)

2

(2006). This exhaustion requirement "applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), and without regard to whether the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, "when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

Although it is clear from the record that Toomer did not exhaust his administrative remedies regarding the May and September 2009 attacks and his claim that prison officials failed to comply with the hospital's discharge instructions, we conclude that the district court erred by granting Defendants' motions for summary judgment based on Toomer's failure to exhaust his administrative remedies regarding the April 2010

3

attack. After receiving a favorable outcome on the merits of his grievance at a lower step in the process, Toomer was not obligated to pursue an administrative appeal to Step III in order to exhaust his administrative remedies. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) (holding that prisoner had exhausted administrative remedies where he had "received a favorable ruling . . . [and] no further administrative proceedings were available"); Dixon v. Goord, 224 F. Supp. 2d 739, 749 (S.D.N.Y. 2002) (holding that "[t]he exhaustion requirement is satisfied by resolution of the matter, i.e., an inmate is not required to continue to complain after his grievances have been addressed"); see also Woodford v. Ngo, 548 U.S. 81, 90 (2006) (holding that exhaustion "means using all steps that the agency holds out, and doing so properly," to allow the agency a full and fair opportunity to address the issues on the merits); Booth, 532 U.S. at 736 (recognizing that "exhaustion is [not] required where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint").

Moreover, the instructions given in response to Toomer's July 26 grievance only directed Toomer to file a Step III grievance if he was dissatisfied with the decision. Defendants provide no indication that Toomer was dissatisfied

with the decision, and Toomer maintains that he was satisfied. The instructions also suggested that action already had been taken on Toomer's grievance and that any further complaints should be addressed in a new grievance, not in an appeal of the current grievance. Because the instructions essentially diverted Toomer from filing a Step III grievance, we conclude that, even if Toomer had been obligated to file a Step III grievance, Defendants are estopped from arguing that Toomer failed to exhaust his administrative remedies. See Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2006) (concluding that district court erred by finding that prisoner had not exhausted administrative remedies "[b]ecause [prisoner] took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled" and remanding "for further proceedings on the merits of [prisoner's] claim"); Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (holding that incorrect advice from prison officials essentially made grievance procedure unavailable to prisoner).

Accordingly, we vacate the district court's grant of summary judgment on the ground that Toomer failed to exhaust his administrative remedies regarding the April 2010 attack, remand to allow the district court to consider Defendants' alternative

grounds for summary judgment and for any further proceedings that may be appropriate, and affirm the district court's grant of summary judgment regarding Toomer's other allegations against Defendants. We also deny Toomer's request for appointment of counsel on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED