FILED
United States Court of Appeals
Tenth Circuit

April 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MYCHEL PUSHA,

      Plaintiff-Appellant,

v.

LT. MYERS, Correctional
Officer/Lieutenant, Lansing Correctional
Facility; REX PRYOR, Warden, Lansing
Correctional Facility,

      Defendants-Appellees.

No. 14-3083
(D.C. No. 5:14-CV-03010-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Mychel Pusha, a state prisoner, filed a pro se 42 U.S.C. § 1983 action against

Kansas prison officials from the Lansing Correctional Facility, alleging racial

discrimination. As required by 28 U.S.C. § 1915(A) the district judge screened the

complaint. He gave Pusha notice of the deficiencies in his complaint, including his

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to exhaust his administrative remedies, and afforded him time to take curative action. When Pusha failed to do so the judge dismissed the complaint without prejudice for failure to exhaust. He appeals to this court for relief from the dismissal, but it was proper. We affirm.[1]

Pusha filed his pro se complaint on January 13, 2014. According to its allegations, he submitted a grievance on December 12, 2013, but the prison warden had failed to take any action. On January 14, 2014, the district judge required Pusha to show cause why his complaint should not be dismissed based on his failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The judge cited *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (permitting district court to dismiss a prisoner complaint sua sponte for failure to state a claim if it is clear from the face of the complaint the prisoner has not exhausted his administrative remedies). The order also described the administrative grievance procedure available to Kansas prisoners, which includes submission of the grievance first to a unit team member, then to the warden, and finally to the Secretary of Corrections. *See* Kan. Admin. Regs. § 44-15-101(d)(1)-(3).

---

[1]     Our jurisdiction derives from 28 U.S.C. § 1291.

Pusha initially responded to the show-cause order with a letter dated January 19, 2014, to which he attached a copy of the prison warden's December 27, 2013, response to his grievance. As the warden's letter explained, Pusha's grievance had been received and investigated, and "[n]o further action [was] deemed necessary." R., Vol. 1 at 25. Pusha told the judge, "As you have received this letter, I have also written the Secretary of Corrections, and sent all of the pertaining information, of the grievance." *Id.* at 23. On February 5, Pusha sent an additional letter to the court, attaching a letter from the Secretary of Corrections dated January 24, 2014. It said his grievance form "reflects no evidence that you filed your grievance with the [warden] before pursuing an appeal with the Secretary." *Id.* at 33. It also advised Pusha that his grievance would be forwarded to the warden, per Kan. Admin. Regs. § 44-15-102(c)(4), which states the procedure to be followed when a grievance is submitted to the Secretary without prior action by the warden.

The district court dismissed Pusha's § 1983 complaint without prejudice, concluding his filings failed to show he properly exhausted his administrative remedies before commencing this action. Pusha appeals from the dismissal, contending his submissions establish commencement and completion of the applicable grievance process before his complaint was filed with the district court. Contrary to his arguments and as we explain, dismissal of his complaint without prejudice was entirely proper under the process outlined in *Aquilar-Avellaveda*, 478 F.3d at 1225-26.

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Failure to exhaust under § 1997e(a) is an affirmative defense, and prisoners are not required to plead exhaustion in their complaints. *Aquilar-Avellaveda*, 478 F.3d at 1225. But if a complaint makes "affirmative but not conclusive statements" regarding the prisoner's exhaustion of administrative remedies, a district court may raise the exhaustion issue *sua sponte* and seek additional information from the prisoner. *Id.* (stating "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue" (internal quotation marks omitted)). The district court appropriately followed that procedure in this case.

"[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks omitted). Moreover, an inmate must *complete* the grievance process before filing his complaint. *See* 42 U.S.C. § 1997e(a) (stating "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted"); *see also Jernigan*, 304 F.3d at 1032 ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [§ 1997e(a)] for failure to exhaust his administrative remedies.").

The grievance process applicable to Kansas prisoners includes an appeal to the Secretary of Corrections. Kan. Admin. Regs. § 44-15-102(c)(1). Importantly, it

gives the Secretary "20 working days . . . to return the grievance report form to the inmate with an answer. The answer shall include findings of fact, conclusions made, and actions taken." *Id.* § 44-15-102(c)(3). Thus, the Kansas grievance process contemplates both an appeal in proper form to and a decision by the Secretary. Indeed, one of the purposes of the exhaustion requirement is to "allow[] a prison to address complaints about the program it administers before being subjected to suit." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

Pusha's submissions in response to the district court's show-cause order confirmed what was apparent from the allegations in his complaint: he had not completed the applicable grievance process before he filed his complaint on January 13, 2014. His filings did not clearly indicate whether he had filed a proper appeal with the Secretary of Corrections before that date.[2] But the Secretary's January 24 letter demonstrated that, as of January 13, Pusha had received no response to his appeal to the Secretary, much less a decision on the merits. Moreover, the Secretary's response was not a merits decision, it rejected the putative appeal on procedural grounds and we do not know whether it amounted to a final decision.

On appeal, Pusha focuses on the Secretary's statement in the January 24 letter that his grievance appeal failed to reflect any evidence of his grievance having been

---

[2] In his notice of appeal, Pusha asserted that he submitted his grievance to the Secretary of Corrections on January 19, 2014, which was six days *after* he filed his complaint. R., Vol. 1 at 41. But because that information was not before the district court, we do not rely on it in affirming the dismissal for failure to exhaust administrative remedies.

filed with the warden.  He argues dismissal of his complaint was improper because his filings in the district court showed, contrary to the Secretary's conclusion, that he had filed a grievance with the warden.  But his argument misses the mark for two reasons: first, he ignores his failure to complete the grievance process by awaiting the Secretary's answer to his grievance, as defined in Kan. Admin. Regs. § 44-15-102(c)(3), before filing his complaint in the district court; second, and more important, exhaustion requires a final decision by the Secretary either on the merits or imposing a final procedural bar to further process. The Secretary's decision did neither.  Since administrative remedies had not been exhausted when the complaint was filed dismissal was proper.[3]

Pusha's request to proceed on appeal in forma pauperis or ifp is denied as moot.  The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees may be excused.  Since we have reached the merits of this appeal, prepayment of fees is no longer an issue.  Pusha is,

---

[3]     The record does not reveal whether Pusha timely completed the Kansas grievance process after he filed his complaint. Substantial compliance with a grievance process is insufficient to satisfy the exhaustion requirement. *Jernigan*, 304 F.3d at 1032.  To properly complete the process, a prisoner must correct any deficiencies in his submissions. *Id.* (holding prisoner failed to exhaust administrative remedies when he filed suit rather than attempting to cure a deficiency in his grievance submission).  Pusha's "it should not matter" argument is unavailing.  His obstinate disregard of clear regulations may have left him without an opportunity to cure his procedural problem (not including the Warden's decision in his appeal papers) with the Secretary.

nevertheless, required to pay all filing and docketing fees. Payment must be made to the Clerk of the District Court.

Affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge