**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

MAURICE L. MILES, JR.,

    Plaintiff - Appellant,

v.

(FNU) CONRAD, Deputy, Reno County
Sheriff's Department, in his official
capacity; (FNU) SWONGER, Deputy,
Reno County Sheriff's Department, in his
official capacity; (FNU) MONDRAGON,
Deputy, Reno County Sheriff's
Department, in his official capacity; (FNU)
CARDER, Sergeant, Reno County Sheriff's
Department, in his official capacity,

    Defendants - Appellees.

No. 17-3100
(D.C. No. 5:16-CV-03152-SAC-DJW)
(D. Kan.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
————————————————————

    Plaintiff Maurice L. Miles, Jr., acting pro se, appeals the dismissal of his claim

under 42 U.S.C. § 1983 by the United States District Court for the District of Kansas.

The district court held that it was clear from the face of Plaintiff's complaint that he did

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291 and reverse.

"[F]ailure to exhaust is . . . an affirmative defense rather than a pleading requirement."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Therefore, the district court may *sua sponte* raise the question of failure to exhaust only when the "complaint [makes] it clear through . . . affirmative statements that [the plaintiff] ha[s] not exhausted his administrative remedies."  *Id.*  We have cautioned against such *sua sponte* dismissals because "determin[ing] whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate."  *Id.* at 1225–26 (internal quotation marks omitted).  Further, "courts . . . are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials."  *Id.* at 1225.

Plaintiff, a pretrial detainee in the Reno County Jail in Hutchinson, Kansas, filed his first  pro se § 1983 complaint on July 13, 2016, against a sergeant and three deputies in the jail, alleging that they failed to protect him from an assault by his cellmate and then failed to offer medical treatment.  The complaint asserts that Plaintiff filed a grievance but was told the matter was not a grievable issue.

The district court sent Plaintiff a notice of deficiency, requiring that he file his complaint on the proper form.  He did so on July 29, 2016.  The new complaint repeats the essentials of his original claim, but with much less detail.  On the portion of the form that states, "I have previously sought informal or formal relief from the appropriate

administrative officials regarding the acts complained of," Plaintiff did not check either the "yes" or "no" box, and lines for further explanation were left blank. Aplt. App. Vol. 1 at 28.

The district court did not explain why it found the Plaintiff's complaint to be facially deficient with regard to exhaustion of administrative relief. We assume that in looking at the second complaint the court found the blank administrative-relief section to be sufficient for a dismissal under 42 U.S.C. § 1997e(a). But that silence in the complaint does not suffice. *See Aquilar-Avellaveda*, 478 F.3d at 1225 ("Because [the plaintiff's] complaint was silent as to whether he had exhausted his administrative remedies—which is acceptable under [Supreme Court authority]—the district court erred in requesting [the plaintiff] to supplement the record on that issue."). Moreover, Plaintiff's original complaint specifically alleges the filing of a grievance, denial of the grievance, and dismissive responses from the defendants. It appears from the omission of detail concerning his claim in the new complaint that Plaintiff thought his original complaint was still to be considered by the court. Because "we must construe a pro se appellant's complaint liberally," *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007), we are particularly reluctant to agree that Plaintiff has conceded that he failed to exhaust his administrative remedies. Thus, his complaint did not warrant *sua sponte* dismissal under 42 U.S.C. § 1997e(a).

We **REVERSE** the district court's dismissal and **GRANT** Plaintiff's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge