FILED
United States Court of Appeals
Tenth Circuit

July 13, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY EARL RIDLEY,

     Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; STATE OF KANSAS;
(FNU) (LNU) (1), Chaplaincy Department,

     Defendants - Appellees.

No. 18-3055
(D.C. No. 5:17-CV-03214-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Plaintiff-Appellant Anthony Earl Ridley, a former inmate in the Kansas

Department of Corrections (KDOC), brings this action pro se under 42 U.S.C. § 1983,

alleging KDOC committed constitutional and statutory violations by inadequately

accommodating his religion.  The district court dismissed the case, holding that Ridley

failed to exhaust KDOC's grievance process.  We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I

In his complaint, Ridley alleged KDOC failed to provide him with "a certified religious diet," App'x at 5, failed to provide Hindu religious texts, *id.* at 4, and excluded Ridley from "Chaplain Services of Communal Worship," *id.* at 5. On the form complaint, Ridley checked a box stating he had not utilized KDOC's grievance process to address the issues. Screening the case sua sponte under 28 U.S.C. § 1915A, the district court ordered Ridley to show cause why the complaint should not be dismissed for lack of administrative exhaustion.

As the district court noted in that order, under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). For KDOC inmates, that means the inmate must exhaust the three-step complaint procedure set out in Kansas Administrative Regulations 44-15-101(d) and 44-15-102. The three-step process requires an inmate to (1) file a grievance with his prison unit manager, (2) appeal to the warden, and, if unsuccessful at both of those steps, (3) appeal to the Kansas secretary of corrections. *Id.*

In response to the district court's order to show cause, Ridley claimed he twice notified his unit manager of the dietary issue and alleged withholding of Hindu religious texts. With his response, Ridley attached two documents showing that, within a day of each grievance, Ridley's unit manager denied the grievance in writing. App'x at 34–35. In both instances, Ridley's unit manager informed Ridley that he needed to fill out a form

2

to apply for a dietary accommodation.  *Id*.; *see also id*. at 5, 50 (stating KDOC denied

Ridley's dietary accommodation because KDOC was "not familiar with any special

dietary requirements associated with" Hinduism).  The unit manager also stated that

KDOC did not provide any religious texts at Ridley's facility.  *Id.* at 34–35.

Ridley believed these responses were either "limited," App'x at 15, or insufficient,

*id*. at 31, and wrote a grievance letter to the state pardon attorney rather than filing an

appeal with the warden of his facility, *id*. at 15.[1]  It is true that when an inmate raises "the

most difficult and complex problems" while imprisoned, Kansas regulations permit the

inmate to eschew the three-step process and directly mail a grievance to "the warden of

the facility, the secretary of corrections, or the state pardon attorney."  Kan. Admin. Regs.

44-15-201(a).  However, "any matter that can be internally handled under the inmate

grievance procedure shall not be considered as appropriate for the use of the official mail

correspondence privilege."  *Id.*  The official who receives the correspondence can make

his own determination whether the matter is difficult and complex enough to circumvent

the three-step process.  *See* Kan. Admin. Regs. 44-15-201(b).  If the official decides the

matter is insufficiently difficult or complex, he may return the correspondence to the

inmate with instructions to use the three-step grievance process.  *Id*.; *see also Strope v.*

*Collins*, No. 06-3150-JWL, 2006 WL 3390393, at *3 (D. Kan. Nov. 22, 2006) (holding

---

[1] Ridley may have also filed a successive grievance with his unit manager.  *See* App'x at 28.  On December 20, 2017, Ridley refused to permit KDOC further time to examine a grievance.  *Id*.  The nature of that grievance is unclear from the appellate appendix, and Ridley does not argue that he exhausted his administrative remedies regarding that grievance.

exhaustion under Kan. Admin. Regs. 44-15-201 occurred because "the Secretary of Corrections accepted and responded to the grievances").

Even though Kansas Administrative Regulation 44-15-201(a) states that "any matter that can be internally handled" by the three-step process "shall not be considered as appropriate for the use of the official mail correspondence privilege," Ridley was under the impression that he was free to choose between either the three-step process or the official mail correspondence process. App'x at 32. Under this theory, he argues that he chose the latter. However, in Ridley's complaint and subsequent pleadings he does not allege that the state pardon attorney "accepted and responded to the grievances," *Strope*, 2006 WL 3390393, at *3, thereby exhausting the administrative process. In fact, he claims the state pardon attorney never responded.[2] App'x at 15.

The district court concluded that Ridley had "invoked, but not completed, the [three-step] administrative review process under [Kansas Administrative Regulations] 44-15-101 and 44-15-102." App'x at 61. The district court noted that Ridley admits he did not exhaust the three-step process by appealing his dietary and religious texts grievances beyond the unit manager level to the warden or secretary of corrections. *Id.* Further, the district court concluded Ridley provided "no evidence that the pardon attorney accepted or responded to his grievance, which would effectuate exhaustion" under the official mail correspondence procedure. *Id.* (citing *Strope*, 2006 WL 3390393, at *2–3). Thus, the

---

[2] Ridley also sent the state pardon attorney a letter alleging that KDOC excluded Ridley from communal worship. Separately, Ridley sent Kansas Governor Sam Brownback a letter alleging that KDOC had discriminated against Ridley's religion. Ridley claims he has "received no response" to his any of his letters. Aplt. Br. at 6.

4

district court held that Ridley had not exhausted his administrative remedies, and the court dismissed the suit under 42 U.S.C. § 1997e(a). *Id.*

Reviewing the district court's decision de novo, *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), we agree with the district court's conclusions. There is no indication in the pleadings or appendix that Ridley exhausted the three-step administrative process set out in Kansas Administrative Regulations 44-15-101(d) and 44-15-102 by appealing from his unit manager's decisions. Ridley's alternative argument—that he exhausted the administrative process with correspondence to the state pardon attorney—is also unavailing. Based on Ridley's "affirmative statements that he had not exhausted his administrative remedies," *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), the district court ordered Ridley to show cause why his case should not be dismissed for lack of exhaustion. This meant Ridley had an obligation to provide "additional information," *id.*, indicating that he had exhausted the KDOC official mail correspondence process—such as, for instance, asserting the state pardon attorney overlooked the general prohibition on using official mail correspondence for matters "that can be internally handled" and responded by stating that he "accepted the grievance for response," *Strope*, 2006 WL 3390393, at *2.

As the district court noted, Ridley only alleged that he sent a letter to the state pardon attorney. He failed to allege the state pardon attorney took the extraordinary step of exercising his discretion to accept the matter as "difficult and complex" enough to merit the official correspondence procedure. Kan. Admin. Regs. 44-15-201(a). In fact, Ridley alleged he had previously grieved religious accommodation issues to his unit manager,

5

indicating those types of complaints are often handled by the three-step grievance process. The district court determined that Ridley's pleadings insufficiently alleged exhaustion, even through the official mail correspondence process. We conclude the district court's ruling is both factually and legally correct.

Therefore, because Ridley has not alleged that he exhausted Kansas' three-step process for prison grievances or received approval to circumvent that process, we affirm the district court's dismissal of Ridley's complaint for lack of administrative exhaustion.[3]

**II**

The judgment of the district court is AFFIRMED. Also, Ridley's motion to proceed in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] Ridley also argues that—to the extent he made multiple claims—the court should consolidate the claims under Federal Rule of Civil Procedure 42. Aplt. Br. 8. Further, Ridley argues he is entitled to relief under Federal Rule of Civil Procedure 54. *Id*. at 12. Given that we affirm the district court's dismissal of this action, we need not address these arguments.