**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DALTON LAX,

      Plaintiff - Appellant,

v.

CORIZON MEDICAL STAFF;
SHAWNEE COUNTY JAIL,

      Defendants - Appellees.

No. 18-3238
(D.C. No. 5:18-CV-03201-SAC)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Mr. Dalton Lax is currently housed at the El Dorado Correctional Facility in El

Dorado, Kansas, but the events giving rise to this suit occurred during his confinement at

the Shawnee County Jail in Topeka, Kansas. Mr. Lax filed a complaint under 42 U.S.C.

§ 1983, claiming a violation of his Eighth Amendment right to a minimum standard of

medical care while in prison for his "critical eye condition." *See* ROA at 4–5. The district

court dismissed his complaint sua sponte under the Prison Litigation Reform Act

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("PLRA"), 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies. Mr. Lax appealed.

Before us, Mr. Lax asserts that the district court erred in dismissing his complaint as unexhausted because he does not bear the burden of pleading exhaustion, and the district court did not ensure that any administrative remedies were available before dismissing his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## I. BACKGROUND

On August 9, 2018, Mr. Lax filed a complaint in federal district court under 42 U.S.C. § 1983. Mr. Lax alleged that he had been incarcerated "for the last [twenty-three] months with a critical eye condition." ROA at 4. He allegedly informed the jail medical staff of this condition, but they accused him of lying and failed to provide any medical treatment. In response, Mr. Lax sued.

Mr. Lax filed a form complaint provided by the district court. That form complaint included the following statement: "I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of." ROA at 7. Mr. Lax had the option to select either "yes" or "no," but he left both boxes blank.

After receiving Mr. Lax's complaint, the district court ordered Mr. Lax to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies under the PLRA. Mr. Lax's response to the order to show cause argued that his case should not be dismissed because his civil rights were

2

violated but was silent on the question of exhaustion. The district court dismissed Mr. Lax's complaint sua sponte for failing to "show good cause why his Complaint should not be dismissed for failure to exhaust administrative remedies." ROA at 17. The defendants were never served with process because the district court dismissed the case on preservice screening.

## II. ANALYSIS

Because Mr. Lax is challenging the district court's dismissal based on his failure to exhaust administrative remedies, we review that dismissal de novo. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (noting that this court reviews de novo a "district court's dismissal of an inmate's suit for failure to exhaust his or her administrative remedies") (internal quotation marks omitted).

Under the PLRA, a prisoner must exhaust all available administrative remedies "prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing 42 U.S.C. § 1997e(a)). The "failure to exhaust is an affirmative defense," however, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because exhaustion is not a pleading requirement, the silence of an inmate's complaint on the question is not in and of itself grounds for dismissal or to request that the *inmate* "supplement the record on that issue." *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

That is not to say that a district court may never sua sponte dismiss a prisoner complaint for failure to exhaust administrative remedies. The district court can do so

3

in the "rare cases" in which "it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Id.* "The facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner" has failed to exhaust his administrative remedies, but even when they do, district courts "are obligated to ensure that any defects in the exhaustion were not procured from the action or inaction of prison officials," that is, to determine whether the unexhausted administrative remedies were "available" to the prisoner. *See id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (explaining that administrative remedies may be rendered unavailable by the action or inaction of prison officials)). In short, courts should "exercise caution" and seek further information from the defendant before making the determination that a complaint should be dismissed for failure to exhaust. *Id*. at 1225–26 (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 n.5 (4th Cir.2005) ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (quoting *Anderson*, 407 F.3d at 682)).

Here, the district court appears to have dismissed Mr. Lax's complaint because it was "clear on the face of the complaint" that Mr. Lax had not exhausted his administrative remedies. ROA at 12, 17. But the only support offered for this determination is that Mr. Lax "did not answer the question on his [c]omplaint inquiring . . . whether or not he ha[d] sought administrative relief" and that his response to the court's order to show cause "fail[ed] to address his failure to exhaust

4

his administrative remedies." ROA at 11–12, 17. Neither assertion justifies dismissal here.

Mr. Lax's failure to answer the question on the form complaint about exhaustion does not make it clear that Mr. Lax did not exhaust his claim. The complaint is simply silent on the question. Per the Supreme Court, Mr. Lax's complaint need not address exhaustion. *Jones*, 549 U.S. at 216 (noting that "inmates are not required to specially plead or demonstrate exhaustion in their complaints"). And, as we note in *Aquilar-Avellaveda*, Mr. Lax does not bear the burden of proving the absence of the exhaustion affirmative defense. 478 F.3d at 1225. So "the district court erred in requesting Mr. [Lax] to supplement the record on this issue" via its order to show cause. *Id.*

Further, even if the district court were correct that Mr. Lax's complaint clearly evinced a failure to exhaust on its face, nothing in the district court's orders demonstrates that the district court met its obligation to ensure that any administrative remedies were available to Mr. Lax. *Id.* (explaining that district courts "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials"). Although the district court gave Mr. Lax "an opportunity to address the issue," it did not acquire any "information from the defendant," as the defendant was never served. *See id.* at 1225–26 (quoting *Anderson*, 407 F.3d at 682).

5

Based on our review of the complaint and the district court's decision, we cannot agree that Mr. Lax's complaint may be dismissed sua sponte for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).[1]

### III. CONCLUSION

We VACATE the dismissal of Mr. Lax's complaint and REMAND for further proceedings consistent with this opinion.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[1] Mr. Lax also asks this court to order the District of Kansas to revise its pro se complaint screening procedures to completely remove the exhaustion question that requires the litigant to select box "yes" or box "no." The inclusion of the exhaustion question on the form complaint is concerning because it shifts the burden on this defense, *see Jones*, 59 U.S. at 216 (holding that the failure to exhaust is "an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"), and attempts to achieve indirectly what cannot be achieved directly, *see Aquilar-Avellaveda*, 478 F.3d at 1225–26 (holding that the district court erred by asking the inmate to supplement the record on exhaustion). But we need not reach this issue here.